# APPEAL CASE NO. 25-6000

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE TENTH CIRCUIT

(1) MAX LANCASTER, by and through Jan Green, next of friend and attorney-in-fact; and (2) PEGGY LANCASTER, by and through Jan Green, next of friend and attorney-in-fact;
Plaintiffs/Appellants

vs.

(3) JEFFREY CARTMELL, Director of the Oklahoma Department of Human Services, in his official capacity; and (4) ELLEN BUETTNER, CEO/Director of the OKLAHOMA HEALTH CARE AUTHORITY**;**
Defendants/Appellees

On Appeal from the United States District Court
For the Western District of Oklahoma
The Honorable Bernard M. Jones
CIV-24-842-J

## APPELLEES' JOINT RESPONSE BRIEF

| | |
|---|---|
| Michael Williams, CO #19416 | Susan L. Eads, OBA #17800 |
| Ryan Gillett, OBA #21678 | Josh Holloway, OBA # 31090 |
| P.O. Drawer 18497 | Assistant General Counsel |
| Oklahoma City, OK  73154 | P.O. Box 25352 |
| Tel.: 405-522-7431 | Oklahoma City, OK 73125-0352 |
| Fax: 405-530-3444 | Tel.: 405-521-3638 |
| michael.williams@okhca.org | Fax: 405-522-6066 |
| ryan.gillett@okhca.org | susan.eads@okdhs.org |
| **ATTORNEYS FOR APPELLEE** | joshuaj.holloway@okdhs.org |
| **ELLEN BUETTNER** | **ATTORNEYS FOR APPELLEE** |
| | **JEFFREY CARTMELL** |

*APRIL 16, 2025*
*Oral Argument is Requested*

# TABLE OF CONTENTS

TABLE OF CONTENTS ………………………………………………………… i

TABLE OF AUTHORITIES ……………………………………………………. iii

RESPONSE BRIEF ……………………………………………………………… 1

I.     STATEMENT OF PRIOR RELATED APPEALS …………………… 1

II.     CERTIFICATE OF INTERESTED PARTIES …………………….. 1

III.     JURISDICTIONAL STATEMENT …………………………………….. 1

IV.     STATEMENT OF THE ISSUES ……………………………………….. 3

V.     STATEMENT OF THE CASE ……………………………………………  4

         1. Lancasters' applications ……………………………………..…… 10

VI.     SUMMARY OF THE ARGUMENT ………………………………………… 10

VII.     ARGUMENT AND AUTHORITIES …………………………………………. 10

VIII.     CONCLUSION ……………………………………………………………. 13

CERTIFICATE OF COMPLIANCE …………………………………………….. 14

CERTIFICATE OF DIGITAL SUBMISSION AND
PRIVACY REDACTIONS ………………………………………………………… 15

CERTIFICATE OF SERVICE ……………………………………………………. 15

# **TABLE OF AUTHORITIES**

**Page**

## **CASES**

### **Federal**

*Alden v. Maine*
527 U.S. 706 (1999) ………………………………………………………… 6

*Brown v. Day,*
555 F.3d 882, 885 (10th Cir. 2009) ………………………………………… 4

*Disability Law Ctr. v. Millcreek Health Ctr.,*
428 F.3d 992, 996 (10th Cir. 2005) ………………………………………. 2

*Estate of Schultz v. Brown,*
846 Fed. Appx. 689 (10th Cir. 2021) ……………………………………… 6

*Lamle v. Eads*,
https://www.ca10.uscourts.gov/sites/ca10/files/opinions/010111217699.pdf ,
filed April 9, 2025 (10th Cir 2025) ………………………………………… 7

*Pecha v. Lake,*
700 Fed. Appx. 840, 844 (10th Cir. 2017) ………………………………… 2

*Planned Parenthood of Kansas v. Andersen,*
882 F.3d 1205, 1224 (10th Cir. 2018) ……………………………………… 4

*Rose v. Brown,*
14 F.4th 1129, 1132 (10th Cir. 2021) ……………………………………. 5, 12

*Shanks-Marrs v. Lake,*
2013 U.S. Dist. LEXIS 188627 (unpublished) ………………………….. 12

*S. Utah Wilderness All. V. Smith,*
110 F.3d 724, 727 (10th Cir. 1997) ………………………………………… 2

# **STATUTES**

## **Federal**

42 U.S.C. § 1382b ……………………………………………………………… 5

42 U.S.C. § 1396a ……………………………………………………………… 4

42 U.S.C. § 1396a(3) …………………………………………………………… 4

42 U.S.C. § 1396a(a)(5) ………………………………………………………. 10

42 U.S.C. § 1396a(a)(10)(A)(ii)(V) …………………………………………… 4
42 U.S.C. § 1396p(d)(3) and (6) ……………………………………………… 5

42 U.S.C. § 1983 ………………………………………………………………. 1

20 C.F.R. § 416.1201(a)(1) ……………………………………………………. 5

42 C.F.R. § 416.1201(a)(1) ……………………………………………………. 5

42 C.F.R. § 435.912(e)(1) ……………………………………………………. 11

10th Cir. R. 46.1 ………………………………………………………………. 1

## **Other**

POMS SI §01120.220(D) …………………………………………………. 5, 6, 11

Okla. Admin. Code §317:35-5-41(a) …………………………………………… 4

Okla. Admin. Code §317:35-5-41.8(b) ………………………………………… 6

## APPELLEES' RESPONSE BRIEF

The Defendants/Appellees, Jeffrey Cartmell, in his official capacity as Director of the Oklahoma Department of Human Services and Ellen Buettner, CEO/Director of the Oklahoma Health Care Authority, hereby submit their Response Brief in response to Plaintiffs'/Appellants' Opening Brief.

### I.   STATEMENT OF PRIOR RELATED APPEALS

Appellees' counsel are not aware of any prior or related appeals concerning this matter.

### II.   CERTIFICATE OF INTERESTED PARTIES

In accordance with 10th Cir. R. 46.1, the undersigned attorneys hereby appear as counsel for the Appellees in the subject case.

In accordance with 10th Cir. R. 46.1, the undersigned certify that there may be a party with interest in this litigation or any related proceeding, who is not currently a party hereto. The issue involves Peggy Lancaster, who is deceased, but who is listed as a party Appellant herein by and through Jan Green as next friend and attorney-in-fact. Appellants' Opening Brief also contains a statement regarding Mrs. Lancaster's death. [Doc. 22-1, p. 6].[1] Peggy Lancaster, according to her publicly accessible obituary, died on October 12, 2024, which also terminated the

---

[1] References to page numbers of Appellants' brief will be to the Court's pagination.

powers for her attorney-in-fact, Ms. Green. Ms. Lancaster died prior to the underlying decision by the federal court for the Western District of Oklahoma, dated December 19, 2024, which granted Appellees' Motion to Dismiss and the associated entry of Judgment on December 19, 2024 by said court. Ms. Lancaster's death preceded the filing on this appeal in the Tenth Circuit Court of Appeals on January 14, 2025. Hence, at the time of filing through the current day, there is no real party in interest on behalf of Peggy Lancaster in this appeal.

Ms. Lancaster's Estate may have an interest in this appeal. However, Appellees counsel has searched Oklahoma state court records and has been unable to locate a probate action filed on behalf of Ms. Lancaster, deceased, to create an estate and to appoint someone with letters testamentary. Further, there has been no Suggestion of Death filed in this appeal, nor a filing of a Motion to Substitute Parties pursuant to Federal Rule of Appellate Procedure 43. Thus, while Ms. Lancaster's estate may have an interest in this appeal, her estate and/or a Personal Representative for her estate have not been made a party to this appeal, and Appellees' counsel request that this court dismiss the appellate claims of Ms. Lancaster, as given her death, there currently is no real party in interest on her behalf in this appeal.

## III.   JURISDICTIONAL STATEMENT

The Plaintiffs' jurisdictional statement states "[t]his is a civil action for injunctive relief pursuant to 42 U.S.C. §1983, for violations of Mr. and Mrs. Lancaster's rights under the federal Medicaid Act." [Doc. 22-1, p. 6].

Appellants acknowledged in their Opening Brief that Mrs. Lancaster is deceased. Accordingly, the relief sought for Mrs. Lancaster is both nonsensical and constitutionally moot. "Mootness is a threshold issue because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction." *Disability Law Ctr. v. Millcreek Health Ctr.,* 428 F.3d 992, 996 (10th Cir. 2005). "The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)." *S. Utah Wilderness All. v. Smith,* 110 F.3d 724, 727 (10th Cir. 1997). Past exposure to illegal conduct does not itself show a present case or controversy regarding injunctive relief if unaccompanied by any continuing adverse effects. *Percha v. Lake,* 700 Fed. Appx. 840, 844 (10th Cir. 2017). The plaintiffs must show susceptibility to continuing injury or a likelihood of substantial and immediate irreparable injury. *Id.*

Mrs. Lancaster, when she was alive, sought to be certified as eligible for Medicaid. In other words, she sought prospective, injunctive relief from an alleged continuing violation of federal law. However, first, she is no longer alive; and second, she was found to not be eligible for Medicaid. "It is beyond peradventure

that the dead are not susceptible to continuing or future harm; therefore, claims for prospective (e.g. injunctive) relief brought by deceased plaintiffs are ordinarily moot." *Pecha* at 845. Appellants' jurisdictional statement cites *Pecha* and claims that "[s]ince Mr. Lancaster is still living, this case is not moot under Pecha v. Lake, 700 Fed. Appx. 840, 841 (10th Cir. 2017) leaving this Court with jurisdiction." [Doc. 22-1, p. 6]. While this may be true for the claims of Mr. Lancaster, it is not true as to the claims of Mrs. Lancaster. The suit in *Pecha*[2] is literally the same issue ("this case presents the question of whether a plaintiff's death moots his request for an injunction ordering certain officials of the State of Oklahoma to determine him eligible for Medicaid benefits. We answer yes."). *Id.* at 840. Thus, as there is no claim based on state law (as in *Lapides v. Board of Regents of Univ. System of Ga.,* 535 U.S. 613 (2002)), Appellants' claim based on 42 U.S.C. 1396a(a)(8) is also barred in state court.

*Pecha* also held that retrospective relief against a state is barred by the Eleventh Amendment. *Id.* at 846. There is no relief that Mrs. Lancaster can get, no "payment of benefits" to be had, and the entirety of the case is constitutionally moot. This is consistent with this Court's Order in *Lamle v. Eads*, where this Court found

---

[2] The facts (and the parties and/or their attorneys) here are also the exact same as in the unpublished 10th Circuit case The Estate of Schultz v. Brown, 846 Fed.Appx. 689 (10th Cir. 2021), and the very recently published case *Lamle v. Eads*, https://www.ca10.uscourts.gov/sites/ca10/files/opinions/010111217699.pdf, filed April 9, 2025 (10th Cir 2025).

that there is no prospective relief to be had where the suit had become moot due to the death of the Appellant.

## IV.  STATEMENT OF THE ISSUES

Appellants' "Statement of Issues" is focused on allegations of error by the District Court in granting Appellees' Motion to Dismiss, as well as contending error with the District Court's finding that the subject promissory note was not a bona fide loan.

Other than whether this case should be dismissed for want of a real party in interest and for want of jurisdiction on constitutional mootness grounds, the issue in this case is that the promissory note at issue is not bona fide as it is not a proper/qualified informal loan and as such is a countable resource for the remaining Appellant, Mr. Lancaster.

## V.  STATEMENT OF THE CASE

The purpose of Medicaid is to help the poor pay for medical treatment. *Planned Parenthood of Kansas v. Andersen,* 882 F.3d 1205, 1224 (10th Cir. 2018). At its most basic level, the Medicaid Act provides federal funds to share a state's cost of providing medical care "to residents who can't afford it, but only if the state complies with the Medicaid Act's requirements, including federal criteria governing matters such as who receives care and what services are provided at what cost." *Id.* (internal citations omitted). If a state participates in the Medicaid plan, as Oklahoma

does, the plan must satisfy federal statutory and regulatory requirements set out in 42 U.S.C. §1396a. *Brown v. Day,* 555 F.3d 882, 885 (10th Cir. 2009).

As relevant to this case, Medicaid applicants may be eligible for long-term care to pay for nursing home care if the applicant has resources of $2,000.00 or less. 42 U.S.C. §1396a(a)(10)(A)(ii)(V); Okla. Admin. Code §§317:35-5-41(a). The Oklahoma Health Care Authority (OHCA) and the Oklahoma Department of Human Services (DHS) have the responsibility under federal and state law to limit access to the Medicaid program to individuals who meet the financial criteria of the program consistent with 42 U.S.C. §1396a(3).[3] Consequently, the Defendant agencies do not rubberstamp an approval of a Medicaid application simply because a person applies. Through its employees, DHS is tasked with ensuring individual applicants do not have resources (assets) and/or income in excess of the $2,000.00 cap set by Congress.

When identifying resources for the purposes of Medicaid, the statutes and rules create two ways to characterize an asset as a resource: 1) the regular method; and 2) the trust method. 42 U.S.C. §1382b. *Rose v. Brown,* 14 F.4th 1129, 1132 (10th Cir. 2021). The regular method provides that if the individual has the right, authority, or power to liquidate the property, it is considered a resource. *Id.;* 20 C.F.R.

---

[3] In sum, OHCA is the custodian of the Medicaid funds; DHS makes the determination of whether any given applicant is entitled to the funds under the plan.

§416.1201(a)(1). Absent this right, it is not ordinarily considered a resource. The trust method creates an exception. 42 U.S.C. §1396p(d)(3) and (6). Promissory notes in favor of the applicant are not ordinarily considered "resources" *so long as* the note is "bona fide." To be considered "bona fide," the promissory note is question must meet certain requirements set forth by 42 C.F.R. §416.1201(a)(1) and the Social Security Administration's Programs Operations Manual System (POMS). *Rose* at 1135. To be "bona fide," the loan must be an "informal loan between individuals who are not in the business of lending money or providing credit." POMS SI §1120.220(D); *Rose* at 1136. Funds used to purchase a promissory note are treated as assets transferred, and the value of such note shall be the amount of the outstanding balance due on the note as of the date of the individual's application for medical assistance unless the note meets the following conditions: a) the note has a repayment term that is actuarially sound; b) the note provides for payments to be made in equal amounts during the term of the loan, with no deferral and no balloon payments made; and c) the note prohibits the cancellation of the balance upon the death of the lender. OAC 317:35-5-41.8(b). Further, the loan must meet all the following requirements: 1) enforceable under state law; 2) loan agreement in effect at the time of the transaction; 3) acknowledgement of an obligation to pay; 4) a plan for repayment; and 5) the repayment plan must be feasible. Id.

Appellants, while both were living, through counsel submitted their 1000 total page applications (7 pages for the cover letter and 993 pages of exhibits thereto, numbered 1-39) on October 26, 2023, stating they had resources/assets of $2,000.00 or less. [App. Vol. 1, p. 24 – Vol. 5, p.93]. Just sixteen days prior to their applications, they transferred $3,754,228.00 in resources/assets to the Lancaster Family, LLC. in exchange for a promissory note for $3,800,000.00. [App. Vol. 5, pp. 87-93]. Accordingly, it was incumbent upon DHS to determine whether the promissory note was "bona fide" as set forth above and pursuant to POMS SI §1120.220(D). In processing said applications, DHS employees requested certain relevant information and documentation from Appellants' counsel to investigate whether Appellants qualified for Medicaid and whether the promissory note was "bona fide."

Ultimately, the subject promissory note was determined by DHS not to be bona fide and not to be a valid/proper informal loan, as the promissory note was between Appellants and an LLC (the Lancaster Family LLC), not between individuals as required by POMS SI 01120.220 D. Further, there was a lacking requirement of a feasibility of repayment for the promissory note to be bona fide (and exempt from resource consideration) as required by POMS SI 0110.220 D.

The subject promissory note was also determined by DHS to be a trust-like device. The assets/resources belonged to the Appellants that were the basis

of the underlying PN. The assets/resources were transferred to the Lancaster Family LLC, which Appellants' three children, also holding their appointment powers of attorney, jointly owned. The power of attorney appointments bring forth a clear fiduciary obligation by the Appellants' children to the Appellants. All three children owe fiduciary duties to the Appellants, meaning the transfer of the Appellants' property to an entity created, controlled, and owned by their three children constitutes a trust-like device and the resources are therefore countable. Additionally, the Appellants' children failed to demonstrate a feasible plan to repay the promissory note beyond using the assets transferred in exchange for the note to make the $863,920.42 annual payments. The use of transferred assets to make payments by persons with a fiduciary duty to the person to whom the fiduciary duty is owed is a trust-like device and therefore countable as resources to the Appellants.

## VI.   SUMMARY OF THE ARGUMENT

The underlying promissory note is not a proper/valid informal loan, as it is not bona fide and there is no feasible repayment plan demonstrated for the same. Further, the subject promissory note is a trust-like device.

Appellants received a denial of eligibility before the underlying lawsuit was ever filed. Title 42 C.F.R. §435.911(c)(1) calls (or in the very least, infers) applicants need to provide all necessary information a "required action." Without a

13

complete application the C.F.R. contemplates that state agencies "cannot reach a decision." As this is the case here, there is no violation of 42 U.S.C. 1396a(a)(8).

## VII.  ARGUMENTS AND AUTHORITIES

### A.  THE SUBJECT PROMISSORY NOTE IS NOT BONA FIDE, AND IS A TRUST-LIKE DEVICE

In this case, the underlying promissory note is between Appellants and an LLC, not between individuals as required by POMS SI 01120.220 D.  The requirement that an informal PN be "between individuals" is clear and unambiguous language. "When a regulation is unambiguous, it controls. . . ." *Rose as next Friend of Rose v. Brown*, 14 F.4th 1129, 1133 (10th Cir. 2021) citing *Kisor v. Wilkie*, 139 S. Ct. 2400, 2415 (2019). So, the underlying promissory cannot be bona fide because to be bona fide it must meet the definition of being between individuals as required by POMS SI 01120.220 D.  *Rose*, *14 F.4th at 1136*, and *See* POMS SI § 1120.220(E)(2)

The assets/resources belonged to the Plaintiffs that were the basis of the underlying promissory note. The assets/resources were transferred to the Lancaster Family LLC, which Appellants' three children, also holding their appointment powers of attorney, jointly owned.  The power of attorney appointments bring forth a clear fiduciary obligation by the Appellants' children to the Appellants.  All three children owe fiduciary duties to the

Appellants, meaning the transfer of the Appellants' property to an entity created, controlled, and owned by their three children constitutes a trust-like device and the resources are therefore countable.

Additionally, the Appellants' children do not have a feasible plan to repay the promissory note beyond using the assets transferred in exchange for the note to make the $863,920.42 annual payments. The use of transferred assets to make payments by persons with a fiduciary duty to the person to whom the fiduciary duty is owed is a trust-like device and therefore countable as resources to the Appellants.

Hence, the $3,754,228.00 of transferred assets/resources underlying the PN were countable resources to the Appellants, which resulted in Appellants being well in excess of the $2,000 or less resource standard and, hence, ineligible for Medicaid LTC and Tit. XIX Medicaid (Medical).

B. **APPELLANTS DID NOT PROVIDE A DETAILED CLAIM FOR VIOLATION OF THE 45 DAY RULE IN THEIR FIRST AMENDED COMPLAINT**

Congress enacted a complex scheme of eligibility requirements and relies on the states to administer them consistent with Congressional intent. 42 U.S.C. §1396a(a)(5). In their Opening Brief, Appellants complain that DHS' eligibility determination took longer than 45 days. However, in their First Amended

Complaint, Appellants failed to provide a detailed explanation as to any claim for violation of the 45 day rule. In their Opening Brief, Appellants claim that "[t]he agencies never acted on their Medicaid application. First, there were two separate applications for Appellants. Second, the Agencies did act on the applications. Both applications were denied on June 5, 2024. The denials are included in Appellants' Appendix Volume 5 to this appeal at pages 94-98. The Agencies acted on the Appellants' applications prior to the Appellants filing the underlying lawsuit in the Western District of Oklahoma on August 16, 2024.

So, the Appellants' allegation in their Opening Brief that "[a]s of March 1, 2025, Mr. and Mrs. Lancaster's Medicaid has been pending for 492 days without the Agencies acting on their application" is ***completely and totally false***.

Further, the Appellants failed to mention that explicit in the regulatory scheme is the applicants' duty to provide relevant information to DHS to make the eligibility determination and that the failure to do so provides for an exception to the 45 day rule. Specifically, 42 C.F.R. §435.912(e)(1) - "The agency must determine eligibility within the standards except in unusual circumstances, for example, when the agency cannot reach a decision because the applicant…delays or fails to take required action."). To that end, Appellants are conspicuously silent as to the multiple attempts made by OKDHS to gather the needed information/documentation to reach

an eligibility determination or Appellants' own request for more time to provide said information/documentation.

There was no detailed claim made for a violation of the 45 day rule, nor any explanation of injury/damage as a result of the eligibility consideration going beyond 45 days. The denial was proper and no such claim should be allowed.

## VIII.  CONCLUSION

Mrs. Lancaster is deceased and there is no real party in interest in this case regarding her claims. Additionally, given her death, Appellant Mrs. Lancaster's claims are moot. Therefore, Appellant Mrs. Lancaster has no constitutional standing. No prospective injunctive relief can be had because Mrs. Lancaster is deceased. Mrs. Lancaster cannot get retroactive benefits. Thus her entire appeal should be dismissed. Regarding Mr. Lancaster's claims, the underlying promissory note is not bona fide and is a trust-like device, so the $3,754,228.00 is a countable resource. Hence, DHS correctly determined to deny eligibility due to an over-resource determination. An eligibility decision was provided to the Appellants before the underlying lawsuit was ever filed. This Court should affirm the District Court's order and judgment dismissing the Appellants' claims.

## IX.    STATEMENT REGARDING ORAL ARGUMENT

Appellees respectfully request the Court to hear oral arguments on the matter given the complexities of Medicaid law.

Respectfully Submitted,

*s/Susan L. Eads*
Susan L. Eads, OBA# 17800
Josh Holloway, OBA# 31090
Assistant General Counsel
Oklahoma Department of Human Services
P.O. Box 25353
Oklahoma City, OK  73125
Tel.: (405)521-3638
Fax: (405)521-6816 (Fax)
susan.eads@okdhs.org
joshuaj.holloway@okdhs.org
**Attorneys for Appellee,**
**Jeffrey Cartmell**

*s/Ryan Gillett*
Michael Williams, CO #19416
Ryan Gillett, OBA #21678
P.O. Drawer 18497
Oklahoma City, OK  73154
Tel.: 405-522-7431
Fax: 405-530-3444
michael.williams@okhca.org
ryan.gillett@okhca.org
**Attorneys for Appellee,**
**Ellen Buettner**

## CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(a)(7)(C), I certify that:

This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because this brief contains 3,317 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionately spaced typeface using Microsoft Word Times New Roman 14-point font.

<u>s/Susan L. Eads</u><br>
Susan L. Eads

## CERTIFICATE OF DIGITAL SUBMISSION AND PRIVACY REDACTIONS

I hereby certify that a copy of the foregoing Appellees' Response Brief, as submitted in Digital Form via the court's ECF system, is an exact copy of the written document filed with the Clerk and has been scanned for viruses with endpoint detection and response tool CrowdStrike Falcon 7.04, and according to the program, is free of viruses. In addition, I certify all required privacy redactions have been made.

<u>s/Susan L. Eads</u><br>
Susan L. Eads

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 16th day of April 2025, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Craig Riffel  
Katresa J. Riffel  
Matt Russell  
Riffel Law Firm, P.L.L.C.  
3517 Owen K. Garriott, Suite One  
Enid, OK 73703  
criffel@westoklaw.com  
kriffel@westoklaw.com  

                                                    *s/Susan L. Eads*  
                                                  Susan L. Eads