# APPEAL CASE NO. 25-6000

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE TENTH CIRCUIT

(1) MAX LANCASTER, by and through Jan Green, next of friend and attorney-in-fact; and (2) PEGGY LANCASTER, by and through Jan Green, next of friend and attorney-in-fact;
Plaintiffs / Appellants

vs.

(3) JEFFREY CARTMELL, Director of the Oklahoma Department of Human Services, in his official capacity; and (4) ELLEN BUETTNER, CEO/Director of the Oklahoma Health Care Authority;
Defendants / Appellees

On Appeal from the United States District Court
For the Western District of Oklahoma
The Honorable
United States District Judge Bernard M. Jones
CIV-24-842-J

## APPELLANTS' REPLY BRIEF

Michael Craig Riffel, OBA #16373
Katresa J. Riffel, OBA #14645
Jonathan F. Benham, OBA #31940
Matthew C. Russell, OBA #30239
Riffel, Riffel & Benham, P.L.L.C.
3517 W. Owen K. Garriott, Suite One
Enid, Oklahoma 73703
Telephone: (580) 234-8447
Facsimile: (580) 234-5547                        April 28, 2025
Email: criffel@westoklaw.com                     Oral Argument is Requested

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................... ii

ARGUMENTS AND AUTHORITIES ................................................................... 1

    PROPOSITION 1: MRS. LANCASTER'S MEDICAID
    ELIGIBILITY IS NOT MOOT .................................................................... 1

    PROPOSITION 2: AGENCIES' ARGUMENTS ABOUT
    UNDERLYING MERITS ARE MISPLACED AND IRRELVANT ............ 6

CONCLUSION ........................................................................................................ 8

CERTIFICATE OF COMPLIANCE ...................................................................... 10

CERTIFICATE OF SERVICE ............................................................................... 11

# TABLE OF AUTHORITIES

**STATUTES, REGULATIONS AND RULES:**

Eleventh Amendment.................................................................................. 1-2

42 U.S.C. §1396a(a)(34)...................................................................................2
42 U.S.C. §1396r-5(c)(A)(i) ......................................................................... 4-5

20 C.F.R. §416.1202(a)......................................................................................5
20 C.F.R. §416.1205(a)......................................................................................5
20 C.F.R. §416.1205(b) .....................................................................................5

Fed. R. Civ. P. 12(b)(6).....................................................................................6

POMS SI 01110.100(B)(1) ...............................................................................5

**CASES:**

Bernard v. Kan. Health Policy Auth., 2011 U.S. Dist. LEXIS 19698
        (D. Kan. Feb. 28, 2011) ..........................................................................3
Brown v. City of Tulsa, 2025 U.S. App. LEXIS 348 (Jan. 7, 2025).............. 6-7
Duran v. Carris, 238 F.3d 1268 (10th Cir. 2001)..............................................7
Edelman v. Jordan, 415 U.S. 651 (1974)..........................................................2
Estate of Shultz v. Brown, 846 Fed. Appx. 689 (10th Cir. 2021) .....................2
Ex parte Young, 209 U.S. 123 (1908) ...............................................................1
Fortmann v. Starkowski, 2011 U.S.Dist. LEXIS 110643
        (D. Conn. Sept. 28, 2011).......................................................................3
Gragert v. Lake, 541 Fed. Appx. 853 (10th Cir. 2013) ....................................2
Lamle v. Eads, 2025 U.S. App. LEXIS 8316 (Apr. 9, 2025) .......................2, 4
Lymon v. Aramark Corp., 728 F. Supp. 2d 1207 (D.N.M. 2010)....................7
Morenz v. Wilson-Coker, 415 F.3d 230 (2nd Cir. 2005) .................................3
Morris v. Okla. Dep't of Human Servs., 85 F.3d 925 (10th Cir. 2012) ..........2
Pecha v. Lake, 700 Fed. Appx. 840 (10th Cir. 2017)...................................2, 4
Ridge v. Red Hawk, LLC v. Schneider, 493 F.3d 1174 (10th Cir. 2007).........7
Robbins v. Oklahoma, 519 F.3d 1242 (10th Cir. 2008) ...................................7
Rose v. Brown, 14 F.4th 1129 (10th Cir. 2021) ................................................2
Skinner v. Switzer, 562 U.S. 521 (2011)...........................................................7

The Appellant Max Lancaster (**"Mr. Lancaster"**) files this Brief both individually and on behalf of his deceased wife, Peggy Lancaster (**"Mrs. Lancaster"**) (collectively **"Mr. and Mrs. Lancaster"**) in reply to the Joint Response Brief filed in this case by the Appellees, Jeffrey Cartmell, Director of the Oklahoma Department of Human Services (**"OKDHS"**) and Ellen Buettner, CEO/Director of the Oklahoma Health Care Authority (**"OHCA"**) (OHCA and OKDHS collectively **"Agencies"**).  Please note all page references are as number by the Court.  Mr. Lancaster alleges and states:

## ARGUMENTS AND AUTHORITIES

### PROPOSITION 1
### MRS. LANCASTER'S MEDICAID ELIGIBLITY IS NOT MOOT

In their Response Brief, the Agencies notified this Court of Mrs. Lancaster's death and argued Mrs. Lancaster's Medicaid eligibility is moot due to her untimely death.  (Doc.25, p.5-9).  Mr. Lancaster did not hide his wife's death from this Court.  He clearly notified this Court of her death in Appellants' Opening Brief.  (Doc.22-1, p.6).

It is undisputed Mr. Lancaster is living.  In their Response Brief, the Agencies even admit this case is not moot as to Mr. Lancaster.  (Doc.25, p.8).  It is also undisputed he is entitled to prospective injunctive relief under the Eleventh Amendment as construed by Ex parte Young, 209 U.S. 123 (1908).  Approval of Mr. Lancaster's Medicaid application is the type of prospective injunctive relief

1

allowable by Ex parte Young. Morris v. Okla. Dep't of Human Servs., 85 F.3d 925 (10th Cir. 2012); Gragert v. Lake, 541 Fed. Appx. 853 (10th Cir. 2013); Pecha v. Lake, 700 Fed. Appx. 840 (10th Cir. 2017); Estate of Shultz v. Brown, 846 Fed. Appx. 689 (10th Cir. 2021); Rose v. Brown, 14 F.4th 1129 (10th Cir. 2021) and Lamle v. Eads, 2025 U.S. App. LEXIS 8316 (Apr. 9, 2025).

If Mr. Lancaster is approved for Medicaid benefits, he is entitled to receive both future Medicaid benefits as well as, pursuant to 42 U.S.C. §1396a(a)(34), Medicaid benefits back to the date of his original application (October 26, 2023). 42 U.S.C. §1396a(a)(34) provides:

> "A state plan for medical assistance must—provide that in the case of any individual who has been determined to be eligible for medical assistance under the plan, such assistance will be made available to him for care and services included under the plan and ***furnished in or after the third month before the month in which he made application*** (or application was made on his behalf in the case of a deceased individual) for such assistance if such individual was (or upon application would have been) eligible for such assistance at the time such care and services were furnished" (emphasis added).

The Eleventh Amendment does not prohibit monetary awards against a state that are ancillary to or furtherance of prospective injunctive relief against the state. Edelman v. Jordan, 415 U.S. 651, 668 (1974). Since any benefits paid under 42 U.S.C. §1396a(a)(34) is only ancillary to and furtherance of a prospective injunction approving Mr. Lancaster for benefits, the payment of past Medicaid benefits under 42 U.S.C. §1396a(a)(34) does not violate the Eleventh Amendment.

2

In <u>Morenz v. Wilson-Coker</u>, 415 F.3d 230 (2nd Cir. 2005), the Second Circuit addressed the intersection of 42 U.S.C. §1396(a)(34), the Eleventh Amendment and <u>Ex parte Young</u>. The Court held:

> "Here, the order that payments begin retroactively is not compensation for accrued liability, but it is rather an incident of the present eligibility determination as required by the Medicaid statute itself. See 42 U.S.C. §1396a(a)(34). Back payments are therefore necessary for compliance with the district court's prospective order. The Medicaid statute operates independently of any relief that this Court may award and is therefore a necessary consequence of compliance with the prospective injunction and technically not an award of restitution for a past breach of a legal duty." <u>Morenz,</u> 415 F.3d at 237.

The Federal District Court in Kansas agreed in the case of <u>Bernard v. Kan. Health Policy Auth.</u>, 2011 U.S. Dist. LEXIS 19698 (D. Kan. Feb. 28, 2011) stating:

> "The holding in <u>Edelman</u> does not apply to this case. The retroactive payments authorized by 42 U.S.C. §1396a(a)(34) is not a damages award for past liability. If ordered, it would be an incident of complying with the court's prospective order. The back payments authorized by the statute, therefore, would be necessary to comply with the court's prospective order." <u>Id.</u> at *18.

<u>See also</u>, <u>Fortmann v. Starkowski</u>, 2011 U.S.Dist. LEXIS 110643, *5-6 (D. Conn. Sept. 28, 2011).

Mrs. Lancaster's Medicaid eligibility has a direct effect on Mr. Lancaster's resources and his Medicaid eligibility from the date Mr. and Mrs. Lancaster filed their Medicaid application (October 26, 2023) to the date Mrs. Lancaster died (October 12, 2024). (Aplt. App. Vol.1, p.24-Vol.5, p.93;Doc.22-1, p.6 ). However,

3

the Agencies argue Mrs. Lancaster's Medicaid eligibility is moot due to her death. (Doc.25, p.8).

In support of their claim, they cite the cases of Pecha v. Lake, 700 Fed. Appx. 840 (10th Cir. 2017) and Lamle v. Eads, 2025 U.S. App. LEXIS 8316 (Apr. 9, 2025). It is important to note Appellants filed their Opening Brief on March 17, 2025 and the decision in the Lamle case was issued on April 9, 2025, twenty-three (23) days after Appellants filed their Opening Brief. (Doc.22-1).

The present case is distinguishable from the Pecha and Lamle cases. The Pecha and Lamle cases both involve single Medicaid applicants filing single Medicaid applications. Pecha, 700 Fed. Appx. at 841; Lamle, 2025 U.S. App. LEXIS at *1-2. The only person affected by the approval or denial of a single applicant's Medicaid application is the applicant. If the applicant is dead, no relief can be granted which would affect any living person. However, these cases do not address joint Medicaid applications filed by married couples. In the present case, Mr. and Mrs. Lancaster both required care; and a result, they filed a joint Medicaid application. (Aplt. App. Vol.1, p.24-Vol.5, p.93).

In a married couple Medicaid case, 42 U.S.C. §1396r-5(c)(A)(i) requires the assets of both spouses be considered together in determining Medicaid eligibility of either spouse. Under the implementing regulations, whether the spouse's assets

4

count in determining the applicant's Medicaid eligibility depends upon whether the spouse is qualified to receive Medicaid benefits. Title 20 C.F.R. §416.1202(a) says,

> "Married individual. In the case of an individual who is living with a ***person not eligible under this part*** and who is considered to be the husband or wife of such individual. . .such individual's resources shall be deemed to include any resources, not otherwise excluded under this subpart, of such spouse whether or not such resources are available to such individual." (emphasis added).

See also POMS SI 01110.100(B)(1). Furthermore, 20 C.F.R. §416.1205(a) and (b) contain different eligibility rules and limitations depending upon whether a Medicaid applicant's spouse is Medicaid eligible.

According to 42 U.S.C. §1396r-5(c)(A)(i), 20 C.F.R. §416.1202(a), POMS SI 01110.100(B)(1) and 20 C.F.R. §416.1205(a) and (b), Mrs. Lancaster's Medicaid eligibility has a direct effect on Mr. Lancaster's resources and his Medicaid eligibility from the date Mr. and Mrs. Lancaster filed their Medicaid application (October 26, 2023) to the date Mrs. Lancaster died (October 12, 2024). (Aplt. App. Vol.1, p.24-Vol.5, p.93;Doc.22-1, p.6). If Mrs. Lancaster was not Medicaid eligible, any and all of Mrs. Lancaster's assets are considered in determining Mr. Lancaster's resources and his Medicaid eligibility during this year. If Mrs. Lancaster was Medicaid eligible, none of Mrs. Lancaster's assets are considered in determining Mr. Lancaster's resources or Medicaid eligibility during this year. Determining Mrs. Lancaster's Medicaid eligibility is an essential element in determining Mr. Lancaster's Medicaid eligibility from October 26, 2023 to October 12, 2024. Since

5

Mr. Lancaster's Medicaid eligibility, which is not moot, depends upon Mrs. Lancaster's Medicaid eligibility, Mrs. Lancaster's Medicaid eligibility is not moot either.

**PROPOSITION 2**
**AGENCIES' ARGUMENTS ABOUT UNDERLYING MERITS**
**ARE MISPLACED AND IRRELEVANT**

This is an appeal from the District Court dismissing this case pursuant to the Agencies' motion under Fed. R. Civ. P.12(b)(6). (Aplt. App. Vol.5, p.100-111, 140-144). This is not an appeal on the merits granted pursuant to a motion for summary judgment or final hearing decision. All of the Agencies' remaining arguments in their Response Brief go to the merits of the underlying case. (Doc.25, p.9-13). These arguments are misplaced and irrelevant to this appeal.

Out of an abundance of caution and to ensure he did not waive any arguments, Mr. Lancaster argued the underlying merits of this case in the Appellants' Opening Brief. (Doc.22-1, p.17-21). He will not reassert or reargue the underlying merits of this case. However, this appeal does not depend upon the case's underlying merits.

In the case of <u>Brown v. City of Tulsa</u>, 2025 U.S. App. LEXIS 348, *15 (Jan. 7, 2025), the Tenth Circuit held,

> "Importantly, in assessing whether a plaintiff has stated a claim for relief, a court must restrict its review to only the ***<u>allegations within the four corners of the complaint and cannot consider other pleadings or external allegations</u>***. Exceptions to this rule are limited to: (1) documents attached to the complaint as exhibits, (2) documents referenced in the complaint that are central to the plaintiff's claims,

6

provided their authenticity is undisputed, and (3) matters subject to judicial notice." (emphasis added).

The Tenth Circuit has further held a complaint must only just allege facts which give the court reason to believe the plaintiff has a reasonable likelihood of mustering factual support for his claims. Ridge v. Red Hawk, LLC v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007). The Court neither assesses the legal feasibility of the complaint nor does it weigh the evidence which might be offered at trial." Skinner v. Switzer, 562 U.S. 521, 529-530 (2011). The question is not whether the plaintiff will ultimately prevail on his claim, but whether his complaint was sufficient to cross the federal court's threshold. Lymon v. Aramark Corp., 728 F. Supp. 2d 1207 (D.N.M. 2010).

In adjudicating a motion to dismiss, a court may neither grant the motion because it believes it is unlikely the plaintiff can prove the allegations, nor may it weigh potential evidence the parties might present at trial in assessing the motion's merit. Robbins v. Oklahoma, 519 F.3d 1242, 1246 (10th Cir. 2008); Duran v. Carris, 238 F.3d 1268, 1270 (10th Cir. 2001). The pleading standards do not impose a probability requirement. Brown, 2025 U.S. App. LEXIS 348 at *14-15.

When applying the appropriate standards to the Agencies' motion to dismiss under Fed. R. Civ. P.12(b)(6), the District Court erred in dismissing this case.

## **CONCLUSION**

For the reasons set forth above, this case should not have been dismissed under Fed. R. Civ. P. 12(b)(6). As such, Mr. Lancaster respectfully requests this Court:

(a)  Reverse the District Court's dismissal of this case;

(b)  Find and hold the promissory note is bona fide and not a countable resource;

(c)  Find and hold the Agencies violated the reasonable promptness standards of 42 U.S.C. §1396a(a)(8) and its implementing regulation 42 C.F.R. 435.912;

(d)  Find and hold Mr. Lancaster to be eligible for Medicaid benefits from the date of his application (On October 26, 2023) to the present date;

(f)  Order Agencies to pay Medicaid benefits due Mr. Lancaster;

(g)  Order Agencies to pay all Appellant's attorneys' fees and costs incurred in this case before both the trial court and appellate court;

(h)  Order Agencies to pay Mr. Lancaster any and all further damages incurred by Mr. Lancaster resulting from Agencies' conduct;

(i)  If necessary, remand this case to the District Court for further proceeding in conformity and in compliance with this Court's orders; and

(j)  Order such further and additional relief as this Court deems necessary and appropriate.

Respectfully submitted,

/s/ Michael Craig Riffel
Michael Craig Riffel, OBA #16373
Katresa J. Riffel, OBA #14645
Jonathan F. Benham, OBA #31940
Matthew C. Russell, OBA #30239
Riffel, Riffel & Benham, P.L.L.C.
3517 W. Owen K. Garriott, Suite One
Enid, Oklahoma 73703
Telephone: (580) 234-8447
Facsimile: (580) 234-5547
Email: criffel@westoklaw.com
Email: kriffel@westoklaw.com
Email: jbenham@westoklaw.com
Email: mrussell@westoklaw.com
Attorneys for Plaintiff / Appellant

# **CERTIFICATE OF COMPLIANCE**

      1.     This brief complies with Fed. R. App. P. 25(a)(5) and 10th Cir. R. 25, and all privacy redactions have been made.

      2.     All hard copies to be filed with the Court Clerk's Office are exact copies of the ECF filing.

      3.     The ECF filing was scanned for viruses with Trend Security Agent (client version 19.581.00) last updated on April 28, 2025, and according to the program is free of viruses.

      4.     This brief complies with the type-volume limit of Fed. R. App. P. 32(a)(7)(B) because excluding the parts of the document exempted by Fed. R. App. P. 32(f), this brief contains 1,920 words.

      5.     This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the typestyle requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft 365 Applications for business version 16.0.13001.20266 (including Microsoft Word) in 14 point font size and Times New Roman type style.

                                                        /s/ Michael Craig Riffel

# CERTIFICATE OF SERVICE

      I hereby certify that on the 28th day of April 2025, I electronically transmitted the attached document and the accompanying Appendix to the Clerk of the Court using the ECF System for filing. Based on the records currently on file, the Clerk of the Court will transmit a Notice of Electronic Filing to the ECF registrants listed below. Additionally, I hereby certify that within two days, I will send two printed copies of the attached document, by U.S. mail, postage prepaid, to

      Susan L. Eads
      Josh Hollway
      Oklahoma Department of Human Services
      P.O. Box 25352
      Oklahoma City, Oklahoma 73125
      Email: susan.eads@okdhs.org
      Email: joshuaj.holloway@okdhs.org
      Attorneys for the Oklahoma Department of Human Services

      Ryan Gillett
      Rhiannon Wheeler Sisk
      Lawrence M. Corrales
      Oklahoma Health Care Authority
      P.O. Drawer 18497
      Oklahoma City, Oklahoma 73154
      Email: ryan.gillett@okhca.org
      Email: rhiannon.wheeler-sisk@okhca.org
      Email: lawrence.corrales@okhca.org
      Attorneys for the Oklahoma Health Care Authority

      /s/ Michael Craig Riffel