APPEAL CASE NO. 25-6000

---

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE TENTH CIRCUIT

---

(1) MAX LANCASTER, by and through Jan Green, next friend
and attorney-in-fact; and
(2) PEGGY LANCASTER, by and through Jan Green, next friend
and attorney-in-fact,
Plaintiffs/Appellants,

v.

(3) JEFFREY CARTMELL, in his official capacity as Director of the Oklahoma
Department of Human Services; and
(4) ELLEN BUETTNER, in her official capacity as CEO/Director of the
Oklahoma Health Care Authority,
Defendants/Appellees.

---

## JOINT MOTION FOR SUMMARY DISPOSITION IN LIGHT OF
## *MEDINA v. PLANNED PARENTHOOD SOUTH ATLANTIC*

---

Michael Williams, OBA #36536
Ryan Gillett, OBA #21678
P.O. Drawer 18497
Oklahoma City, OK  73154
Tel.: 405-522-7431
Fax: 405-530-3444
michael.williams@okhca.org
ryan.gillett@okhca.org
ATTORNEYS FOR APPELLEE
ELLEN BUETTNER

Susan L. Eads, OBA #17800
Josh Holloway, OBA #31090
P.O. Box 25352
Oklahoma City, OK 73125-0352
Tel.: 405-521-3638
Fax: 405-522-6066
susan.eads@okdhs.org
joshuaj.holloway@okdhs.org
ATTORNEYS FOR APPELLEE
JEFFREY CARTMELL

Appellees jointly move for summary disposition under Fed. R. App. P. 27 and 10th Cir. R. 27.3. In light of the Supreme Court's decision in *Medina v. Planned Parenthood South Atlantic*, 145 S. Ct. 2219 (2025), Spending Clause provisions are privately enforceable under § 1983 only when Congress uses clear, unambiguous, and unmistakably individual-focused rights-creating language, consistent with *Gonzaga Univ. v. Doe*, 536 U.S. 273 (2002). Appellants' theories, which rely on Medicaid State-plan requirements and subregulatory materials, lack such rights-creating text. *Medina* therefore controls and disposes of this appeal.

## RELIEF REQUESTED

1. Summarily vacate oral argument scheduled for November 20, 2025.

2. Summarily affirm the judgment of the district court.

3. In the alternative, summarily vacate and remand with instructions to enter judgment consistent with *Medina*.

## PROCEDURAL POSTURE

The appeal is fully briefed. Appellants' Amended Opening Brief challenges the district court's dismissal of the case pursuant to Rule 12(b)(6), contending that a family promissory note (informal loan) is a non-countable resource for Medicaid eligibility, and asserting a violation of the asserted Medicaid reasonable-promptness

requirement. The United States Supreme Court's opinion in *Medina* post-dates the briefing and is dispositive on Appellants' theories. (*See* Appellants' Am. Opening Br. (Doc. 22-1) at 16–19 (Rule 12(b)(6) and promissory-note issue), 20–22 (reasonable-promptness claim); Appellants' Reply Br. (Doc. 30) at 8 (POMS/resources), 11 (reasonable-promptness relief).)

This case involves Appellants' requests for Medicaid LTC eligibility, which were denied because of transferring a promissory note valued at $3,754,228.00 within the 60-month eligibility lookback period. Appellants have brought claims against the Appellees pursuant to 42 U.S.C. §§ 1396a(a)(8), 1396p(c)(1)(I), 1396p(c)(2)(C), 20 C.F.R. § 416.1201, and 42 C.F.R. § 907(e)(1), alleged to be enforceable via 42 U.S.C. § 1983, and they seek fees under 42 U.S.C. § 1988. The provisions invoked are individual-benefit or programmatic statutes and regulations, not rights-creating provisions enforceable under § 1983. Hence, under *Medina v. Planned Parenthood South Atlantic*, 145 S. Ct. 2219 (2025), § 1983 does not allow for recovery by Appellants.

## LEGAL STANDARD

Pursuant to 10th Cir. R. 27.3, summary disposition is appropriate when there is a supervening change in law and when the issues before the court are manifestly

unsubstantial and suitable for disposition by motion. Summary affirmance is proper where a controlling Supreme Court decision renders the outcome clear.

## ARGUMENT

## I. *Medina* controls private enforcement of Spending Clause statutes and forecloses Appellants' § 1983 theories

*Medina* holds that Spending Clause provisions do not automatically create rights enforceable under 42 U.S.C. § 1983. Under this precedent, a plaintiff must point to unmistakable rights-creating language in a statute directed to individuals. Plaintiff has not and cannot meet this burden. Medicaid's State plan requirements, overseen and enforced by the federal agency, are typical agency functions and the statute is silent as to individual rights. 145 S. Ct. at 2226–27. This fits within *Gonzaga Univ. v. Doe*, 536 U.S. 273 (2002), and is reinforced by *Armstrong v. Exceptional Child Center, Inc.*, 575 U.S. 320, 324–26, 332 (2015), which cautions against implied equitable actions where Congress created an agency-centric remedial scheme.

Appellants seek to privately enforce Medicaid State-plan obligations and sub-regulatory guidance. However, under *Medina*, those sources do not contain the unambiguous, individual-focused rights-creating text needed for § 1983 and do not confer a private right of action. *Armstrong* further counsels that where Congress

supplied administrative enforcement, courts should not imply alternative equitable routes. *Armstrong*, 575 U.S. 320, 328–29, 332, (2015) (holding that §1396c's express administrative remedy, coupled with §30(A)'s text, forecloses private equitable enforcement). (*See* Appellants' Am. Opening Br. (Doc. 22-1) at 17–22; Appellants' Reply Br. (Doc. 30) at 8, 11.)

## II. The promissory-note resource theory fails under *Medina*'s rights-creating test and *Armstrong*'s remedial scheme limits

Appellants argue a family promissory note is not a countable resource, invoking SSI cross-references, regulations, and POMS. These are program-administration standards directed to States and the federal agency. They do not confer a judicially enforceable individual "right" under § 1983. *Medina*, 145 S. Ct. 2219, 2225–27 (2025); *Armstrong*, 575 U.S. 320, 324–26, (2015). POMS is sub-regulatory guidance and cannot supply an enforceable federal right. (*See* Appellants' Am. Opening Br. (Doc. 22-1) at 17–19 (discussing POMS SI 1120.220 and *Rose v. Brown*); Appellants' Reply Br. (Doc. 30) at 8.)

## III. The reasonable-promptness claim is likewise not privately enforceable under *Medina* and *Gonzaga*

Appellants invoke the Medicaid "reasonable promptness" requirement, typically grounded in 42 U.S.C. § 1396a(a)(8) and 42 C.F.R. § 435.912. The text is

framed as a State plan obligation with federal oversight and corrective mechanisms. Absent unambiguous rights-creating language directed to individual beneficiaries, *Medina* and *Gonzaga* foreclose § 1983 enforcement. *Armstrong* underscores the agency-centric remedial design. (*See* Appellants' Am. Opening Br. (Doc. 22-1) at 20–22; Appellants' Reply Br. (Doc. 30) at 11.)

**IV. Summary disposition is appropriate**

*Medina* is a supervening and controlling Supreme Court decision that resolves the legal questions presented in this case. Further argument would not aid the decisional process. *See* 10th Cir. R. 27.3. The Appellees respectfully request summary affirmance. Alternatively, the Court should summarily vacate and remand with instructions to enter judgment consistent with *Medina*.

**<u>CONCLUSION</u>**

The Court should grant this joint motion, vacate oral argument scheduled for November 20, 2025, and summarily affirm the district court's judgment. In the alternative, vacate and remand with instructions consistent with *Medina*.

Respectfully submitted,


*s/Susan Eads*
Susan L. Eads, OBA #17800
Josh Holloway, OBA #31090
Oklahoma Department of Human Services
P.O. Box 25353
Oklahoma City, OK 73125
Tel.: (405) 521-3638
Fax: (405) 521-6816
susan.eads@okdhs.org
joshuaj.holloway@okdhs.org
Attorneys for Appellee, Jeffrey Cartmell


*s/Ryan Gillett*
Michael Williams, OBA #36536
Ryan Gillett, OBA #21678
Oklahoma Health Care Authority
P.O. Drawer 18497
Oklahoma City, OK 73154
Tel.: (405) 522-7431
Fax: (405) 530-3444
michael.williams@okhca.org
ryan.gillett@okhca.org
Attorneys for Appellee, Ellen Buettner

**CERTIFICATE OF COMPLIANCE**

This motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this motion has been prepared in a proportionately spaced typeface using Microsoft Word Times New Roman 14-point font.

*s/Ryan Gillett*
Ryan Gillett

**STATEMENT REGARDING OPPOSING COUNSEL'S POSITION**

Appellees' counsel conferred with Appellants' counsel on September 2, 2025, by email regarding the relief requested in this motion. Appellants counsel communicated their opposition to this motion by email on September 3, 2025. If Appellants provide a different position after this filing, Appellees will promptly advise the Court.

*s/Ryan Gillett*
Ryan Gillett

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of September, 2025, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Craig Riffel
Katresa J. Riffel
Matt Russell
Riffel Law Firm, P.L.L.C.
3517 Owen K. Garriott, Suite One
Enid, OK 73703
criffel@westoklaw.com
kriffel@westoklaw.com

*s/Ryan Gillett*
Ryan Gillett